Calvin Z. GRIFFIN, Plaintiff—
Appellant,

v.

Mike MAHONEY, Defendant—
Appellee.

No. 06–35309.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Calvin Z. Griffin, Deer Lodge, MT, pro se.

Appeal from the United States District Court for the District of Montana, Donald W. Molloy, District Judge, Presiding. D.C. No. CV–05–00011–DWM.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Montana state prisoner Calvin Z. Griffin appeals the dismissal of his action, brought under 42 U.S.C. § 1983, alleging violations of the Due Process and Equal Protection Clauses by warden Mike Mahoney and related defendants. We review a dismissal under 28 U.S.C. § 1915A de novo. *Ramirez v. Galaza,* 334 F.3d 850, 853 (9th Cir.2003). We affirm.

█ Due process claims require that the plaintiff suffer "a deprivation of a constitutionally protected liberty or property interest." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 982 (9th Cir.1998). Griffin's first claim,

founded on the allegation that he has been unlawfully denied sexual offender treatment while in prison, does not implicate a protected interest. Sexual offenders serving criminal sentences do not have a constitutional right to rehabilitative treatment. *Balla v. Idaho State Bd. of Corr.,* 869 F.2d 461, 470 (9th Cir.1989). Nor does the delay Griffin has experienced in being admitted to the program constitute an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," making it insufficient to establish a liberty interest. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

█ Griffin's second due process claim, alleging denial of parole eligibility due to Griffin's inability to complete sexual offender treatment, also does not implicate a protected interest. Prisoners have "no constitutional or inherent right" to parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and Montana's current statutory parole scheme does not create a liberty interest protected by the Due Process Clause. *See Worden v. Mont. Bd. of Pardons & Parole,* 289 Mont. 459, 962 P.2d 1157, 1165 (1998). Dismissal was proper.

█ Griffin's equal protection claims alleged that (1) there is unequal treatment of sexual offenders at the prison, and (2) there is unequal treatment of inmate sex offenders relative to prison staff sex offenders. Because the preferential treatment alleged in the former claim is neither based on a suspect classification nor impinges on constitutionally protected rights, it must merely withstand rational basis review. *City of Cleburne, Tex. v. Cleburne*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Montana's policy of scheduling offender participation in treatment groups according to parole eligibility and discharge dates is rationally related to legitimate state interests. Although the policy was not followed in Griffin's case due to clerical errors, delaying Griffin's treatment, Griffin does not allege that he was intentionally or arbitrarily discriminated against and cannot proceed on a "class of one" theory. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Griffin's remaining contentions lack merit.

**AFFIRMED.**